IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MARTHA CARTER                                                                    PLAINTIFFS
KIMBERLY RUFF

vs.                                      Civil No. 6:10-cv-06074

AFFILIATED COMPUTER SERVICES, INC.                              DEFENDANTS
XEROX CORPORATION
ACS@XEROX, L.L.C.

<u>**REPORT AND RECOMMENDATION**</u>
<u>**OF THE UNITED STATES MAGISTRATE JUDGE**</u>

Before this Court is Defendants' Motion to Compel Arbitration.  ECF No. 5.  This Motion was filed on October 8, 2010.  *Id.*  Plaintiffs responded to this Motion on November 2, 2010.  ECF No. 24.  On December 7, 2010, this Court held a hearing on this Motion, and all Parties appeared and were represented by counsel.  ECF No. 35.  Both Plaintiffs testified at this hearing.  *Id.*

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Robert T. Dawson referred this Motion to this Court for the purpose of making a report and recommendation. In accordance with that referral, this Court enters the following report and recommendation and recommends this Motion be **GRANTED**.

1. <u>**Background**</u>

Plaintiffs originally filed their case in Garland Circuit Court.  ECF No. 2.  On October 8, 2010, this case was removed to this Court.  ECF No. 1.  In their Complaint, Plaintiffs allege Defendants Affiliated Computer Services, Inc. ("ACS"), Xerox Corporation ("Xerox"), and ACS@Xerox, L.L.C. ("ACS@Xerox") violated the Fair Labor Standards Act ("FLSA") by failing to pay them time and one-half for their hours worked in excess of forty hours per week.  ECF No.

1

2.

On the same date this case was removed to this Court, Defendants filed a Motion to Compel Arbitration.  ECF No. 5.  In this Motion, Defendants claim arbitration should be compelled because Plaintiffs both agreed to the Dispute Resolution Program ("DRP") which provides a mandatory system for settling workplace conflicts and requires ACS employees to submit to arbitration.  ECF No. 6.  Defendants claim both Plaintiffs signed and agreed to this policy and are, therefore, required to submit to this policy.  *Id.*  In response, Plaintiffs claim they are not required to arbitrate their FLSA claims, and raise four arguments against arbitration.  ECF No. 24.

## 2. **Applicable Law**

The Federal Arbitration Act ("FAA") requires the enforcement of an arbitration agreement upon proof: (1) that a written agreement to arbitrate exists and (2) that the written agreement is contained within a contract involving "commerce."  *See* 9 U.S.C. § 2.  Once a transaction in litigation is found to meet the FAA standards (*i.e.* "involve commerce"), courts must generally enforce an arbitration clause.  *See Doctor's Assocs., Inc. v. Casarotto,* 517 U.S. 681, 686-87 (1996).

In *Mastrobuono v. Shearson Lehman Hutton, Inc.,* 514 U.S. 52, 56 (1995), the Supreme Court explained:

> [T]he FAA not only 'declared a national policy favoring arbitration,' but actually 'withdrew the power of the states to require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration.'

"[T]he basic purpose of the Federal Arbitration Act is to overcome courts' refusal to enforce agreements to arbitrate."  *Allied-Bruce Terminix Companies, Inc. v. Dobson,* 513 U.S. 265, 270 (1995).  The United States Supreme Court has interpreted the FAA expansively, decreeing that it is to reach all transactions or contracts that fall within the broad scope of Congressional powers relating

to interstate commerce.  *Id.* at 273.  Furthermore, any doubt concerning the scope of the issues covered by the arbitration agreement should be resolved in favor of arbitration.  *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24-25 (1983).

**3. <u>Discussion</u>**

Plaintiffs claim arbitration should not be compelled for four reasons: (1) they do not recall agreeing to the DRP; (2) the DRP is an illusory and unconscionable contract; (3) Defendants Xerox and ACS@Xerox cannot compel arbitration because they are not parties to the DRP; and (4) the DRP is not valid because it imposes no mutual obligation upon Defendants to arbitrate.  ECF No. 24.  This Court will address each of these four arguments.

First, Plaintiffs claim they should not be compelled to arbitrate their claims against Defendants because they do not remember agreeing to the DRP.  Plaintiffs testified regarding this issue at the hearing in this matter.  During their testimony, Plaintiffs were unclear as to whether they had agreed to the DRP and whether they had signed the electronic document evidencing their agreement to it.[1]  Plaintiffs appear to claim that because they do not remember agreeing to the DRP, their signatures could be forgeries.  By raising this issue before this Court, Plaintiffs indicate that this Court, not the arbitrator, must decide the issue of whether their signatures are forgeries.

However, Plaintiffs provide no support for their claim that the district court, not the arbitrator, must determine whether a signature binding a party to arbitration is a forgery.  Upon review, there does not appear an Eighth Circuit case directly addressing the issue of whether an

---

[1] Defendants submitted as a part of their Motion to Compel Arbitration Plaintiffs' agreement and electronic signature purportedly agreeing to the DRP.  ECF Nos. 6-3 and 6-4.

arbitrator or the court determines whether the document binding a party to arbitration is valid.[2]   The

Eighth Circuit has been clear, however, in stating that when a factual dispute exists, the district court

should err in favor of compelling arbitration:

> The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of the arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.

*Bank of America, N.A. v. UMB Fin. Serv., Inc.,* 618 F.3d 906, 911 (8th Cir. 2010) (quoting *Moses*

*H. Cone Mem. Hosp.,* 460 U.S. at 24-25).   Accordingly, consistent with that holding, and in light of

this factual dispute regarding whether Plaintiffs' signatures are forgeries, this Court must err on the

side of compelling arbitration.  *Id.*

Second, Plaintiffs argue they are not bound to arbitrate their claims because the DRP is an

illusory contract and is unconscionable.  ECF No. 25.  Plaintiffs claim the contract is illusory

because, pursuant to the DRP, Defendant ACS[3] is permitted to amend the terms of the DRP at any

time without consent from Plaintiffs.  *See id.*  The provision at issue states as follows:

> [6]A. *This Plan may be amended by Sponsor at any time by giving at least 10 days notice (either by mail, delivery with salary stub, or posting on the Company Intranet) to current Employees.*  However, no amendment of the Rules shall apply to a Dispute for which a proceeding has been initiated pursuant to the Rules.

ECF No. 6-2 (emphasis added).

Defendant ACS does not dispute it is entitled to change the terms of the DRP pursuant to this

provision.  It is also undisputed that both Plaintiffs are at-will employees.  As at-will employees,

Defendant ACS is permitted to change the conditions of Plaintiffs' employment at any time, and

---

[2] Neither Party has cited such a case in their briefing, and this Court has found none directly addressing this issue.

[3] Defendant ACS is the only Defendant who is a signatory to the DRP.

Plaintiffs, in turn, are permitted to leave at any time if they do not find those conditions are satisfactory. As the Honorable Chief Judge J. Leon Holmes held in *Gobeyn v. Travelers Indemnity Co.,* 1:09-cv-00034, at *5 (E.D. Ark. Sept. 24, 2009), language permitting an employer to change or alter the conditions of employment merely reiterates the employee's status as an at-will employee.

In this case, this Court finds Defendant ACS's ability to change or alter the DRP reflects an ability to change or alter the conditions of employment.[4] Even though *Gobeyn* did not address this precise issue, Judge Holmes found in that case the at-will employee's agreement to arbitrate disputes with the employer was such a "condition of employment." *Id.* As Judge Holmes stated, "[a]t-will employment and arbitration agreements are not mutually exclusive under Arkansas law." *Id.* Based upon this reasoning, the Court finds Defendant ACS's ability to change the conditions of Plaintiffs' employment, including change the terms of the DRP without consent from Plaintiffs, does not cause this contract to be illusory.[5] *See generally Circuit City Stores, Inc. v. Adams,* 532 U.S. 105 (2001) (applying the Federal Arbitration Act to employment contracts where the parties agreed to arbitration).

Plaintiffs also argue that Defendant ACS's ability to change the terms of the DRP causes this contract to be unconscionable.[6] In Arkansas, to determine whether a contract provision is

---

[4] Indeed, one of the Plaintiffs indicated she believed that agreeing to the documents which she signed during their job training was a condition of her employment. These documents included the DRP.

[5] This reasoning is true even if, as Plaintiffs allege, Defendant ACS was permitted to change the terms of the DRP without any notice, 10 days or otherwise, to Plaintiffs. For an at-will employee, there is no requirement that he or she be given a certain period of notice prior to having his or her conditions of employment changed, and Plaintiffs provide no legal authority establishing they are entitled to any notice prior to these conditions be changed.

[6] Plaintiffs appear to argue this contract is also unconscionable because nonsignatories are attempting to compel arbitration. ECF No. 25 at 6. The ability of nonsignatories to compel arbitration is discussed later in this opinion.

unconscionable, "the totality of the circumstances surrounding the negotiation and execution fo the contracts" must be evaluated. *Nat. Union Fire Ins. Co. of Pittsburgh v. Guardtronic, Inc.,* 76 Ark. App. 313, 320, 64 S.W.3d 779, 783 (2002). Two important considerations are whether there is a gross inequality of bargaining power between the parties and whether the aggrieved party was made aware of and comprehended the provisions in question. *Id.* at 320, 64 S.W.3d at 783-84.

In the present action, this Court finds the arbitration provision in the DRP, including Defendant ACS's ability to change the terms of the DRP, is not unconscionable. Even though Plaintiffs had unequal bargaining power with Defendant ACS, they are at-will employees and fully free to leave at any time. Further, from Defendants' briefing, it also appears Defendant ACS went to great lengths to ensure Plaintiffs were made aware of the terms of the DRP and included this program as a part of their new hire training. ECF No. 25 at 3. Defendants have also produced evidence that Plaintiffs both completed this new hire training. ECF No. 6-6 and 6-7. Based upon these findings and viewing the totality of the circumstances, this Court finds the arbitration provision is not unconscionable.

Third, Plaintiffs claim Defendants cannot compel them to arbitrate this case because all three Defendants were not signatories to the DRP. ECF No. 25. Plaintiffs claim only Defendant ACS should gain the benefit of the DRP since only Defendant ACS entered into the DRP with Plaintiffs. *Id.* In response, Defendants Xerox and ACS@Xerox argue they should also be permitted to compel Plaintiffs to arbitration because they have a close relationship with the signatory Defendant ACS. ECF No. 27.

The Eighth Circuit allows nonsignatories to compel arbitration under certain circumstances. *See, e.g., Finnie v. H & R Block Fin. Advisors, Inc.,* 307 F. App'x. 19 (8th Cir. 2009) (unpublished

6

per curiam).  One such circumstance where the Eighth Circuit has allowed a nonsignatory to compel arbitration is where "the relationship between the signatory and nonsignatory defendants is sufficiently close" that unless the nonsignatory is permitted to invoke arbitration, the arbitration agreement would be eviscerated.  *See CD Partners, L.L.C. v. Grizzle,* 424 F.3d 795, 798 (8th Cir. 2005) (quoting *MS Dealer Serv. Corp. v. Franklin,* 177 F.3d 942, 947 (11th Cir. 1999)).

Under the present facts, this Court finds Defendants ACS, Xerox, and ACS@Xerox are closely related companies.  ECF No. 27.  Defendants represent "ACS is a subsidiary of Xerox and ACS@Xerox is a joint venture between the two."  ECF No. 27 at 3 n. 1.  Plaintiffs' claims relate to alleged violations of the FLSA during the course of Plaintiffs' employment with Defendants.  ECF No. 2.  Indeed, it appears Plaintiffs even claim in their Complaint that all Defendants "jointly employ" them.  *Id.*  Thus, if Defendants Xerox and ACS@Xerox were not also allowed to compel arbitration against Plaintiffs, their case would be separately litigated in this Court while Plaintiffs' claims against Defendant ACS was arbitrated.  Due to the close relationship between all three Defendants, and Plaintiffs' claim that all Defendants are Plaintiffs' "joint employers," the arbitration agreement between Plaintiffs and Defendant ACS would be practically eviscerated.  Accordingly, under *Grizzle*, this Court finds all three Defendants should be permitted to compel arbitration. Plaintiffs cannot be permitted to argue Defendants are joint employers while, at the same time, argue their relationship is not so close that all Defendants cannot compel arbitration.

Fourth, Plaintiffs argue the DRP is invalid because it imposes no mutual obligation to arbitrate on Defendants.  ECF No. 25.  Plaintiffs argue that the DRP does "not restrict, in any practical way, any Defendant's ability to sue in any way."  *Id.*  Plaintiffs further argue that "if Xerox wished to sue Plaintiff because she gave away trade secrets, because he libeled the company,

embezzled from the company, or somehow breached an agency relationship, it would be able to do so without being required to arbitrate claims." *Id.* at 5.  Plaintiffs cite the Arkansas Supreme Court case of *E-Z Cash Advance, Inc. v. Harris,* 60 S.W.3d 436, 440 (Ark. 2001) in support of their claim that this arbitration agreement is invalid because the parties have no mutual obligations to arbitrate their claims.  *Id.*

In response, Defendants claim *E-Z Cash* is not applicable under these facts because the DRP does impose mutual obligations on all parties to arbitrate their claims.  ECF No. 27.  Defendants claim the DRP applies to "any Dispute" such that they "would be bound by the agreement to bring a case involving trade secrets, libel, embezzlement, breach of agency, or any other dispute with one of its employees in arbitration."  *Id.* at 5-6.

The disputed provision of the DRP requiring the parties to arbitrate their claims states as follows:

> [3]C.  Except as provided for herein, this Plan applies to any Dispute.

> [3]D.  Notwithstanding anything to the contrary in this Plan, the Plan does not apply to claims for workers' compensation benefits or unemployment compensation benefits including claims under the ACS on The Job Injury Plan (OJIP) (Texas employees only).

In the DRP, the term "Dispute" is defined as follows:

> [2]D.  "Dispute" means all legal and equitable claims, demands, and controversies, of whatever nature or kind, whether in contract, tort, under statute or regulation, or some other law, between persons bound by the Plan or by an agreement to resolved Disputes under the Plan, or between a person bound by the Plan and a person or entity otherwise entitled to its benefits, including, but not limited to, any matters with respect to:
> 1. this Plan;
> 2. the employment or potential reemployment of an Employee, including the terms, conditions or termination of such employment with the Company;
> 3. employee benefits or incidents of employment with the Company;
> 4. any other matter related to or concerning the relationship between the Applicant

8

or Employee and the Company including, by way of example and without limitation, allegations of: discrimination based on race, sex, religion, national origin, age, veteran status or disability; sexual or other kinds of harassment; workers' compensation retaliation; defamation; infliction of emotional distress; or status, claim or membership with regard to any employee benefit plan;

5. an applicant's application for employment and the Company's actions and decisions regarding such application; and

6. any personal injury allegedly incurred in or about a Company workplace;

"Dispute" includes all such matters regardless of when the events on which they are based occurred, including matters based on events occurring before the Employee became subject to this Plan (so long as such disputes were not previously asserted in a judicial forum) or after termination of the employment relationship.

Based upon this language, the DRP states the parties are required to arbitrate "any Dispute," and the term "Dispute" is defined expansively.  Indeed, as noted by Defendants, the only "Dispute" exempt from the DRP is a workers' compensation benefit or unemployment compensation benefit claim.  Accordingly, because the DRP imposes a mutual obligation to arbitrate "any Dispute" upon all parties to the contract, this Court finds the DRP is enforceable under Arkansas law.[7]  *See Hot Springs County Medical Center v. Ark. Radiology Affiliates,* 103 Ark. App. 252, 288 S.W.3d 676 (2008) (compelling arbitration where the arbitration clause contained in the parties' contract unambiguously provided that both parties were bound by arbitration should a claim arise out of the agreement).

## 4. Conclusion

Based upon the foregoing, this Court recommends Defendant's Motion to Compel Arbitration (ECF No. 5) be **GRANTED** and Plaintiff's case be stayed pending arbitration of this matter pursuant to 9 U.S.C. § 3.

---

[7] The case of *E-Z Cash* is distinguishable because, in that case, the defendant was permitted to pursue "all civil remedies" while binding the other party to arbitration.  60 S.W. 3d at 442.  In this case, Defendants are also bound to arbitration and are not permitted to pursue "all civil remedies."  *See Magee v. Advance Am. Servicing of Ark., Inc.,* No. 6:08-cv-6105, at *21-22 (W.D. Ark. April 1, 2009) (J. Dawson) (distinguishing the agreement in that case from the agreement in *E-Z Cash* because the "all civil remedies" language was not present).

9

The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

ENTERED this 15th  day of December, 2010.

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE